JOHN L. BURRIS Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK Esq., SBN 300212
**BURRIS, NISENBAUM, CURRY AND LACY, LLP**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
James.Cook@johnburrislaw.com

Attorneys for Plaintiff,
Maxine Johnson,

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAXINE JOHNSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA, a municipal corporation; and DOES 1-50, inclusive, individually, jointly, and severally,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of California, for the wrongful death of Decedent CHARLES WILLIAM JOHNSON II, who died as a result of the negligent conduct by COUNTY OF ALAMEDA jail staff.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the County of Alameda, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

**PARTIES**

3. Decedent CHARLES WILLIAM JOHNSON II, (Hereinafter "DECEDENT" or "MR. JOHNSON") was an individual residing in the State of California and a United States Citizen.

4. Plaintiff MAXINE JOHNSON ("PLAINTIFF" or "JOHNSON") has been and is a resident of California and a United States Citizen.

5. Defendant COUNTY OF ALAMEDA ("COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY OF ALAMEDA Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant COUNTY was the employer of DOES 1-50 individually and in their official capacity.

6. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1-50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this

Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

**ADMINISTRATIVE PREREQUISITES**

7. Plaintiff is required to comply with an administrative tort claim requirement under California law. On February 13, 2023 Plaintiff submitted a claim to the Clerks' Offices for the COUNTY OF ALAMEDA. Plaintiff has exhausted all administrative remedies pursuant to California Government Code § 910.

**FACTUAL ALLEGATIONS**

8. The incident took place on February 2, 2023. The location was Santa Rita Jail, 5325 Broder Blvd, Dublin, CA 94568. Alameda County deputies failed to provide lifesaving aid to Charles William Johnson II.

9. On January 27, 2023, Mr. Johnson was booked into Santa Rita Jail. However, on February 1, 2023, Johnson suffered a medical emergency. During this emergency, Johnson banged on his cell doors, and called out to the guard for help. However, Alameda County Sheriff's deputies who were assigned to supervise Johnson failed to provide any medical assistance to him. Then, on February 2, 2023, Johnson lost consciousness due to the medical emergency. Johnson went without help until morning checks. Finally, an Alameda County Deputy noticed Johnson was unresponsive. Mr. Johnson was transported to a hospital, where he passed away.

10. As a result, Johnson died due to the deliberate indifference of the correctional officers. Johnson leaves behind his mother, Maxine Johnson.

**FIRST CAUSE OF ACTION**
**(Fourteenth Amendment, 42 U.S.C. § 1983)**
**(Violation of Decedent Charles William Johnson II's Substantive Due Process Rights)**
**(Plaintiff MAXINE JOHNSON against COUNTY OF ALAMEDA and DOES 1-50)**

11. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 10 of this Complaint.

12. The foregoing claim for relief arose in Decedent's favor, and CHARLES WILLIAM JOHNSON II would have been the PLAINTIFF with respect to this claim had he lived.

13. As set forth above, decedent CHARLES WILLIAM JOHNSON II was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the COUNTY OF ALAMEDA, which rights include, but are not limited to, privileges and immunities secured to decedent by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of decedent.

14. DECEDENT was a pretrial detainee who had not been convicted of any crime. CHARLES WILLIAM JOHNSON II had a due process right to be free from the acts of Defendants that would cause him serious injury. On January 27, 2023, Mr. Johnson was booked into Santa Rita Jail. However, on February 1, 2023, Johnson suffered a medical emergency. During this emergency, Johnson banged on his cell doors, and called out to the guard for help. However, Alameda County Sheriff's deputies who were assigned to supervise Johnson failed to provide any medical assistance to him. Then, on February 2, 2023, Johnson lost consciousness due to the medical emergency. Johnson went without help until morning checks. Finally, an Alameda County Deputy noticed Johnson was unresponsive. Mr. Johnson was transported to a hospital, where he passed away.

15. The conduct of Defendants amounted to medical malpractice.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Fourteenth Amendment, 42 U.S.C. § 1983)**
**(Violations of PLAINTIFF'S Right to a Familial Relationship)**
**(Plaintiff MAXINE JOHNSON against COUNTY OF ALAMEDA and DOES 1-50)**

16. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 15 of this Complaint.

17. As a legal cause of Defendants' acting under color of law, acts and/or inactions, and whose deliberate indifference caused injuries which resulted in CHARLES WILLIAM JOHNSON II's death, PLAINTIFF was deprived of their constitutional rights to a familial relationship, in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States sConstitution.

18. COUNTY staff's deliberate indifference to MR. JOHNSON'S need for medical emergency care shocks the conscious. Defendants' actions of failure to properly supervise and respond to MR. JOHNSON's calls for help and banging on his cell doors following a medical emergency on February 1, 2023 caused MR. JOHNSON to lose consciousness due to the medical emergency he suffered. MR. JOHNSON went without help until morning checks on February 2, 2023 when an Alameda County Deputy noticed he was unresponsive. MR. JOHNSON was then transported to a hospital where he passed away. Defendants' actions ultimately prevented PLAINTIFF from exercising their right to a familial relationship with CHARLES WILLIAM JOHNSON II.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Fourteenth Amendment – Deliberate Indifference/Denial of Medical Care)**
**(42 U.S.C. §1983)**
**(Plaintiff MAXINE JOHNSON against COUNTY OF ALAMEDA and DOES 1-50)**

19. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 18 of this Complaint.

20. As set forth above, Decedent CHARLES WILLIAM JOHNSON II was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and County of Alameda, which rights include, but are not limited to, privileges and immunities secured to PLAINTIFF by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of Decedent MR. JOHNSON. Defendants knew or should have known that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, leading to MR. JOHNSON's death. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Decedent.

21. Defendants, knew or had reason to know that Decedent JOHNSON was in need of medical treatment as a result of performing their regular duties and supervisory guard checks. However, on February 1, 2023, Decedent JOHNSON suffered a medical emergency. During this emergency, MR. JOHNSON banged on his cell doors, and called out to the guard for help. However, Alameda County Sheriff's deputies who were assigned to supervise Johnson failed to provide any medical assistance to him. Then, on February 2, 2023, MR. JOHNSON lost consciousness due to the medical emergency. JOHNSON went without help until morning checks on February 2, 2023 when an Alameda County Deputy noticed he was unresponsive. MR. JOHNSON was then transported to a hospital where he passed away. DOES 1-50, as officers of COUNTY OF ALAMEDA knew, or should have known, MR. JOHNSON required urgent

medical treatment. Defendants' actions ultimately resulted in Decedent JOHNSON experiencing extreme prolonged pain and suffering prior to to his death the following day.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Plaintiff MAXINE JOHNSON against COUNTY OF ALAMEDA and DOES 1-50)**

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint.

23. Defendants' above-described conduct was extreme, unreasonable, and outrageous. Defendants' failure to perform their regular duties and supervisory guard checks resulted in Decedent JOHNSON's suffering emotional distress from his unaddressed medical emergency. Defendants knew, or should have known, their actions would cause emotional distress to Decedent JOHNSON.

24. In engaging in the above-described conduct, Defendant intentionally ignored or recklessly disregarded the foreseeable risk that Decedent JOHNSON would suffer extreme emotional distress because of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of California Government Code § 845.6)**
**(Plaintiff MAXINE JOHNSON against COUNTY OF ALAMEDA and DOES 1-50)**

25. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26. COUNTY OF ALAMEDA jail staff knew or had reason to know in performing their regular duties and supervisory guard checks that Decedent CHARLES WILLIAM JOHNSON II needed immediate and higher-level medical care, treatment, observation and

monitoring following his medical emergency. Defendants, acting within the course and scope of their employment, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide CHARLES WILLIAM JOHNSON II access to such care and treatment in violation of California Government Code § 845.6 following his medical emergency and cries for help. Specifically, COUNTY OF ALAMEDA jail staff failed to properly monitor MR. JOHNSON while in their facility.

27. As legal cause of the aforementioned acts of all Defendants, Decedent JOHNSON died the following day.

28. PLAINTIFFS' losses entitle them to all damages allowable under California law. As such, PLAINTIFFS are entitled to damages, penalties, costs, and attorney fees under California law.

29. COUNTY OF ALAMEDA and DOES 1-50's medical malpractice caused CHRISTOPHER CROSBY'S death.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(C.C.P. §§ 377.60 and 377.61)**
**(Wrongful Death-Negligence)**
**(Violation of California Government Code § 845.6)**
**(Plaintiff MAXINE JOHNSON against COUNTY OF ALAMEDA and DOES 1-50)**

30. PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31. Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendants, as set forth herein-above proximately caused the death of CHARLES WILLIAM JOHNSON II.

32. COUNTY OF ALAMEDA jail staff owed DECEDENT JOHNSON, who was a pretrial detainee at COUNTY'S jail, a duty of care under the fourteenth amendment. Defendants also had a duty to preserve PLAINTIFFS right to a familial relationship with MR. JOHNSON. However, COUNTY staff breached their duty by failing to properly monitor MR. CROSBY as part of their regular duties and supervisory guard checks.

33. As an actual and proximate result of Defendants' negligence, and the death of CHARLES WILLIAM JOHNSON II, PLAINTIFF has sustained pecuniary losses resulting from the loss of comfort, society, attention, services, and support of son, CHARLES WILLIAM JOHNSON II, in an amount according to proof at trial.

34. As a further actual and proximate result of said Defendants' negligence, PLAINTIFF has incurred expenses, in an amount according to proof at trial.

35. Pursuant to California C.C.P. Sections 377.60 and 377.61, PLAINTIFF brought this action, and claims damages from said Defendants for the wrongful death of CHARLES WILLIAM JOHNSON II and the resulting injuries and damages.

36. CHARLES WILLIAM JOHNSON II died due to collective negligence by COUNTY staff.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants COUNTY OF ALAMEDA and DOES 1-50 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: August 10, 2023 **BURRIS, NISENBAUM, CURRY AND LACY, LLP**

/s/ *John L. Burris*
John L. Burris
Benjamin Nisenbaum
James Cook
Attorneys for Plaintiff